IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MEHRING, | Civil Action |
| Plaintiff, | No. 2:21-cv-1249 |
| v. | |
| BOWSER AUTOMOTIVE, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, William Mehring, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626(c)(1); 28 U.S.C §§1331 and 1343(a)(3) and (a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

   a. On May 18, 2021 Plaintiff filed a timely written charge of disability and age discrimination with the Equal Opportunity Employment Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission (PHRC);

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated September 8, 2021; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

2. Plaintiff, William Mehring, is an individual who resides at 590 Coventry Court, North Huntington, PA 15642.

3. Defendant, Bowser Automotive, is a corporation with a place of business at 1001 Clairton Boulevard, Pleasant Hills, PA 15236.

4. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

5. Plaintiff was employed by Defendant from October 2004 until March 9, 2021 as a Service Manager.

6. In August 2019 Mehring was diagnosed with cancer.

7. Mehring was approved for intermittent FLMA.

8. At one point, Mehring's supervisor commented that Mehring only went to doctor's appointments because he wanted to miss work.

9. When Mehring attempted to renew his FMLA leave in early 2021, his Human Resources Representative, Roberta, did not respond to Mehring.

10. Both Mehring and his wife attempted to contact Roberta on numerous occasions throughout the month.

11. Unbeknownst to Mehring at the time, he had been entirely cut off from communicating with HR.

12. On March 9, 2021, Dan Salaj and Mike Salaj unprecedentedly gave Mehring the

option to retire or be terminated.

13. Mehring had no intentions at that time to retire and Mehring had previously told Dan and Mike was not ready to retire.

14. Mehring asked for time to think about his decision, and he was told no.

15. Mehring was terminated on March 9, 2021 without any reason given for the termination.

16. On March 26, 2021, Mehring received a text message from Roberta, the first communication he had with her since attempting to renew his FLMA leave.

17. Roberta inquired about Mehring's status of his physical health following his termination.

18. Defendant replaced Mehring, who was 67 years old, with a significantly younger male with less experience than Mehring.

### Count I
### Americans with Disabilities Act

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20. As described above, Plaintiff is an individual with a disability, and Defendant perceived him as having a disability.

21. Plaintiff was qualified for a position with Defendant because he could perform all essential functions of the position with or without a reasonable accommodation. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

22. Defendant terminated Mehring because of his actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

23. Defendant also refused to accommodate Mehring and fired him because he sought such accommodations for his disability in violation of ADA.

24. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

25. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

   a. Lost wages and benefits;

   b. Emotional distress, humiliation, and inconvenience;

   c. Costs and expenses of litigation; and

   d. Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

   a. Back pay and benefits from the time Defendant refused to accommodate him, until the time of trial, with interest;

   b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

   c. Either reinstatement or front pay.

   d. Compensatory damages for his emotional distress, anxiety, humiliation, and inconvenience;

   e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

   f. A reasonable attorneys fee and costs and expenses of litigation; and

   g. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## ADEA

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25, as if fully set forth herein.

27. Defendant fired Mehring because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

28. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training, and seniority;

    b. That Defendant be required to compensate Plaintiff for the full value of wages, he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied on March 9, 2021;

    c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

    d. That Defendant be required to compensate Plaintiff for lost benefits;

    e. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

    f. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

    g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## FMLA
## Retaliation

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully restated herein.

30. As described in detail above, Mehring is an eligible employee as defined by the FMLA.

31. The FMLA, 29 U.S.C. §2615(a)(2), precludes employers from retaliating against employees who have exercised rights or attempted to exercise rights under the FMLA.

32. Defendant terminated Mehring in retaliation for his attempt to exercise his rights under the FMLA, in violation of 29 U.S.C. §2615(a)(2). Therefore, Defendant violated the FMLA.

33. As a direct and proximate result of Defendant's violations of the FMLA, Mehring has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and seniority.

## Count IV
## FMLA
## Interference with FMLA Rights

34. Plaintiff incorporates by reference the allegations in paragraphs 1 through 33 as if fully restated herein.

35. Mehring had the right under the FMLA to take leave pursuant to 29 U.S.C. § 2614(a).

36. Defendant interfered with Mehring's rights when it fired him after he attempted to renew his FMLA leave and attempted to exercise his rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

37. As a direct and proximate result of Defendant's violations of the FMLA, Mehring has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits,

and seniority.

38. WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. §2617(a), and the following legal and equitable remedies:

    a. Defendant be ordered to reinstate Plaintiff to the position from which he was discharged, together with all benefits incident thereto, including by not limited to, wages, benefits, training, and seniority;

    b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered reinstatement to a position substantially equivalent to the one Plaintiff occupied prior to March 9, 2021;

    c. Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401k, and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

    d. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. §2617(a)(l)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

    e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

    f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

    g. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ John E. Black, III
John E. Black, III
Pa.I.D. #83727

US Steel Tower
600 Grant Street, Floor 10
Pittsburgh, PA 15219
(412) 394-4446

Attorney for Plaintiff